## Black Mountain Corporation v. Hobbs et al.

November 23, 1948.

Sampson & Sampson for appellant.

George R. Pope for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This appeal is from a judgment awarding the appellee, Huey Hobbs, compensation for total permanent disability as a result of an injury arising out of and in the course of his employment by the Corporation. Re-

versal is urged upon the grounds that the Board's finding that Hobbs was injured in an accident on May 4, 1945, is flagrantly against the evidence and the Board's finding that due and timely notice of the accident and injury was given by Hobbs to the Corporation is not supported by the evidence and is flagrantly against the evidence.

Since the full Board opinion by Judge E. Poe Harris, approving the Referee's award, treats concisely the questions at issue, we quote it herein:

"In their brief counsel for the defendant complain that 'the referee has utterly disregarded the concrete and uncontradicted evidence in the record which proves conclusively that the plaintiff received no injury in the course of his employment nor did he give any notice of any alleged injury and that this present disability was not a result of any accident or injury for which he should receive compensation.' Counsel further complain, 'apparently great and almost conclusive weight is given in such cases as this one to the evidence introduced by the plaintiff and particularly the evidence of the plaintiff himself. If this observation is anywhere near correct, it is almost useless for the defendant to introduce any evidence in such claims for compensation as the one presented to the board in this case. Such opinions must be founded on the idea that any claim which is brought for compensation is legitimate and the claimant is entitled to compensation.'

"In view of counsel's notions as expressed and implied, we have gone out of our way in a study of the record and we find that the strictures which counsel lay upon the referee's findings are not justified.

"True it is that the testimony of defendant's witness Evans, if considered apart from the rest of the record, would support the defendant's insistence that the plaintiff was not struck by the falling rock and was not injured. It is equally true that the testimony of Dr. Ruley, if likewise considered apart from the other testimony, would preclude a finding that plaintiff's present disability is the result of his accident. But to so restrict our consideration, or in a consideration of all the testimony, to show partiality towards that of the two wit-

nesses mentioned because of the identity or of their relationship to the parties litigant, would be to lay the referee and the members of the board open to the very vice which is implied, if not directly charged, in counsel's brief.

"No, it was the duty of the referee to consider the whole record, and this, we are convinced, he did, with the result that the weight of the evidence favored the plaintiff.

"Take, for instance, the accident itself. There were present at the time John Cox, Arthur Barnes, and the defendant's foreman, Evans. The plaintiff testified positively that the slab of falling slate, or rock, struck him in the back of his head and on his back while he was in a stooped position. The witness Cox testified in chief that the slate 'first came on his head and he kindly went toward the face of the coal and then the rock went right down his back and on down almost to the bottom of the mine.' There was nothing in the answers of the plaintiff and Cox in their cross-examinations that is inconsistent with what they said in chief, although counsel seem to argue that there is.

"Against that testimony the defendant introduced its foreman Evans. His testimony was negative and insufficient to overcome the direct and affirmative statements of Cox and the plaintiff. In fact, aside from contradicting the plaintiff, as to what was said by the latter immediately following the accident, this witness' narration of the circumstances of the accident really supported the general recitals given by Cox and the plaintiff, and implied that he did not know whether the rock did *no* strike the plaintiff, his statement in this connection being, 'Well, I was talking to Mr. Hobbs about his yardage and this piece of rock fell on the edge of the car behind him and I said, Did that rock hit you, Huey? and he said, No.' As indicated above, he did not say that the rock did not hit the plaintiff, he merely said that plaintiff said it did not hit him—a statement which the latter denies having made. Furthermore, if the witness had known definitely whether the plaintiff had or had not been struck, there would have been no point to the question.

"Or take the testimony with respect to the plain-

tiff's condition. Mr. Ruley, the defendant's medical witness, stated that following the date of the accident he examined the plaintiff and found him suffering from a ruptured or *henmiated disc,* which he removed by an operation; that this ruptured condition antedated the plaintiff's accident by a long period of time and could not have been caused by the accident. On the other hand, however, the plaintiff testified that he had had no*t* trouble prior to the accident, but had been so troubled ever since—statements which were confirmed in a general way by lay witnesses. In addition to this Dr. Evans testified that plaintiff had sustained a fracture of the fourth vertebra, and that this condition was permanently totally disabling. He further testified that upon examination and case history he was of the opinion that plaintiff's condition had resulted directly from the accident.

"Without further particularization, we are of the opinion that counsel's criticism is without merit and that the finding, ruling and award of the referee, of the date April 1, 1947, should be and they are adopted, and made the finding, ruling and award of the full board.

"The record is so replete with evidence of what our appellate court has regarded as sufficient notice of the accident that we have deemed it unnecessary to comment upon the testimony with respect thereto."

We think the Board properly disposed of the case. It is true that the Corporation's foreman, Evans, said the incident of the rock falling occurred on May 13th or May 16th rather than May 4th; that the rock fell between him and Hobbs; and that, when he asked Hobbs if the rock hit him, his answer was "No." This witness said also that Hobbs made no claim or mention that the rock hit him until the following August, and that Hobbs continued to work and load coal on the day the rock fell and worked on until about June 5th. The Company offered the testimony of other of its employees to the effect that Hobbs made an effort to get vacation back pay and said that he was going to the hospital for an operation, but made no mention of his injury until after his operation. Dr. Ruley testified that Hobbs made no claim of an injury when he first examined him; that the injury was of long standing; and that Hobbs did not carry out his instructions after he left the hospital. This doctor

also introduced X-rays purporting to show there was no injury to the fourth or any of the vertebrae or that any process had been broken off as testified by Dr. Evans, a witness for Hobbs.

Reference is made by the Corporation to the case of American Rolling Mill Co. v. Pack, 278 Ky. 175, 128 S. W. 2d 187, wherein we applied the rule that evidence sufficient to support a finding of the Board, as in the case of findings of other administrative bodies, means evidence of substance and must constitute more than a scintilla. We have followed the Pack case consistently, but we do not believe the application of that rule to the facts involved in the case at bar would justify overthrowing the Board's findings.

Judgment affirmed.